THE LAW OFFICE OF
THOMAS M. FERLAUTO, APC
THOMAS M. FERLAUTO, SBN 155503
8 WHATNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8691

Attorneys For: Plaintiff JESUS ESCOCHEA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ESCOCHEA | Case No. |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1) 42 USC § 1983;** |
| THE COUNTY OF LOS ANGELES; RONALD VALDIVIA, in his individual and official capacity; STEVE COOLEY, in his official capacity; JACKIE LACEY, in her official capacity; KEITH KAUFFMAN, in his individual and official capacity; and THE CITY OF HAWTHORNE | **2) Unlawful Custom and Practice Under 42 USC § 1983** **3) Negligence** **4) Negligence** **5) Negligent Infliction of Emotional Distress;** **6) Cal. Civil Code § 52.1 (Bane Act)** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff JESUS ESCOCHEA, an individual ("Plaintiff"), and for causes of action against Defendants THE COUNTY OF LOS ANGELES, a public entity (the "County"), RONALD VALDIVIA, a Los Angeles County District Attorney Bureau of Investigations Senior Investigator ("Valdivia"), STEVE COOLEY, in his official capacity as Los Angeles County District Attorney ("Cooley"); JACKIE LACEY, in her official capacity as Los Angeles County District Attorney ("Lacey"); KEITH KAUFFMAN, a Captain within the Hawthorne Police Department ("Kauffman"); and THE CITY OF HAWTHORNE, a public entity (hereinafter the "City") (hereinafter the County, Valdivia, Cooley, Lacey, Kauffman and the City shall collectively be referred to as the "Defendants") alleges as follows:

**JURISDICTION**

1.      This court has subject matter jurisdiction over this dispute pursuant to 28 USC § 1331 granting Federal district courts original jurisdiction in actions arising under the Constitution, laws, or treaties of the United States.  This dispute raises a Federal question under 42 USC § 1983.

**VENUE**

2.      Venue is appropriate in the Central District of California, because all Defendants reside in this State, in this county, and in this district.  Furthermore, venue is proper in this district, because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

3.      Plaintiff is an individual, currently residing in Los Angeles County, State of California.

4.      Defendant the County is and at all times herein mentioned has been a public entity and a county government in the State of California duly authorized and existing as such in and under the California Constitution, the laws of the State of California and the Charter of the County of Los Angeles.  At all times herein mentioned, the County, Cooley and Lacey possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles County District Attorney Bureau of Investigations, (the "Bureau") its employees, its tactics, methods, customs, and usages related to criminal investigations, its supervision of personnel and other things.

5.      Defendant Valdivia is and at all times herein mentioned has been an individual acting under color of authority, as a Peace Officer, within the meaning of California Penal Code 830.1.  Valdivia was an employee of the Bureau acting under Defendants the County, Cooley and Lacey's direction and control, which knowingly and intentionally promulgated, maintained, applied, enforced, and suffered the continuation of acts, policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendment to the United States Constitution

THE LAW OFFICE OF
THOMAS M. FERLAUTO, APC
8 WHATNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8691

and the State of California's Constitution, which customs, practices, and usages at all times herein mentioned cause Plaintiff's harm.

6.     Defendant Kauffman was at all times herein mentioned Captain of the Hawthorne Police Department and an individual acting under color of authority, as a Peace Officer, within the meaning of California Penal Code section 830.1.  Kauffman as a Captain was a final decision maker for the City of Hawthorne knowingly and intentionally promulgated, maintained, applied, enforced, and suffered the continuation of acts, policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendment to the United States Constitution and the State of California's Constitution, which customs, practices, and usages at all times herein mentioned cause Plaintiff's harm.

7.     The City is an incorporated municipal government in the County of Los Angeles, the operator of the Hawthorne Police Department and the employer of Defendant Kauffman.  At all times herein mentioned, the County and Kauffman possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Hawthorne Police Department, (the "Department") its employees, its tactics, methods, customs, and usages related to criminal investigations, its supervision of personnel and other things.

## GENERAL FACTUAL BACKGROUND

8.     Plaintiff is a local investigative journalist who has covered news events and produced several investigative news stories throughout the United States since 1994.  He is a member of the press and has continuously possessed a valid press pass issued by the Los Angeles County Sheriff's Department.

9.     In 2009, allegations of corruption were made against top level employees for the City of Hawthorne in the State of California (the "City"). Plaintiff, as an investigative journalist, became involved in investigating these allegations of political corruption.

10.     Between 2009-2011, Plaintiff developed relationships with confidential informants working in and around the City government. Plaintiff gathered information from individuals who had exclusive access to confidential information.   As a result of Plaintiff's investigative journalism, Plaintiff uncovered evidence of corruption as follows:

The Law Office Of
Thomas M. Ferlauto, APC
8 Whatney Avenue, Suite 101
Irvine, California 92618
Phone (949) 334-8650
Facsimile (949) 334-8691

THE LAW OFFICE OF
THOMAS M. FERLAUTO, APC
8 WHITNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8691

a. City Manager Jag Pathirana, pressured Hawthorne Civil Service Commissioners to change their vote on Police misconduct hearings;

b. City Manager Pathirana and Accounting Manager Louis Escobar were involved in a drunken incident at the Wild Goose Strip Club in Lawndale, during which Pathirana impersonated a police officer and top level Police Department employees later engaged in a cover up;

c. The City misappropriated over 2 million dollars in HUD funds;

d. City employees were seen breaking into City Hall and stealing documents following the termination of City Manager Pathirana;

e. Former Hawthorne Police Chief Michael Heffner intentionally and strategically delayed opening a promotional exam for Lieutenant and Sergeant for the purpose of effectively eliminating applications from disfavored employees who were off or not due back at work until the application period closed.

11. As a result of Plaintiff's investigation, City officials determined that further inquiry and interviews were necessary. In April of 2010, Interim City Manager Jim Mitch and City Councilman Alex Vargas hired private investigator Ed Ortega (hereinafter "Ortega") to further investigate corruption allegations against City employees. Ortega was hired as an agent of OHI Services, a licensed investigation company. As a result of Plaintiff and Ortega's investigation, various City employees were terminated, abruptly resigned, or were not promoted. In an effort to avoid potential civil liability for Ortega's investigation, Keith Raymond, owner of OHI, disowned Ortega, falsely alleged that Ortega was not an agent of OHI, and implied that Ortega had been falsely impersonating Raymond.

12. Plaintiff is informed and believes and based upon that information and belief alleges that Defendant Valdivia had a close personal relationship with members of the Hawthorne Police Department and with City employees who had been fired, resigned or not promoted as a result of Plaintiff and Ortega's disclosures. This group, including Defendant Kauffman, contacted Valdivia and convinced, coerced or cajoled him into opening a criminal investigation to illegally retaliate against Plaintiff and Ortega for their disclosures of corruption in the City of

Hawthorne and to prevent or interfere with Plaintiff's exercise of his First Amendment rights of freedom of speech and freedom of the press.

13.     On November 17, 2010, Valdivia and his partner, both armed, accosted Plaintiff in his driveway at his home.   Valdivia refused to allow Plaintiff to move about, refused Plaintiff's request to speak with his lawyer and proceeded to aggressively question Plaintiff about his investigation into corruption in the City of Hawthorne.  Ominously, Valdivia cautioned Plaintiff to "stay away from Hawthorne" and told him that he had "been warned."  He also threatened that Plaintiff would end up being the "fall guy" for Chris Blatchford, a highly lauded investigative reporter for KTTV Fox 11.  Thus, Valdivia was obviously aware that Plaintiff was acting in his capacity as an investigative journalist.

14.     On or about January 18, 2011, Valdivia generated a criminal investigation against Ortega.  On or about April 18, 2011, Valdivia obtained a search and arrest warrant for Ortega, and "Locations 1-5" issued by Judge Henry Hall.  These five locations were various locations associated with Ortega in the City of Ridgecrest, California.  On April 19, 2011, a felony criminal complaint was filed against Ortega, LASC Case No. SA077354.  On April 20, 2011, Ortega was arrested, and computers, guns, and other items were seized from Locations 1-5.

15.     On April 27, 2011, a purported additional search warrant for Location #6 was allegedly issued, again by Judge Hall.  Location #6 was 17725 Crenshaw Blvd., Suite 304, Torrance, California.  This office has been occupied by Plaintiff since 1999 as Plaintiff's office as an investigative journalist.   Ortega is not associated with this address, has never done business out of this address, and has never received mail at this address.

16.     On April 28, 2011, while Plaintiff was away from his office attending Ortega's arraignment, Valdivia executed the search warrant on location #6, and proceeded to search Plaintiff's office.   Valdivia seized Plaintiff's computer, hard drives, and various other media recording devices.  The property seized included a wealth of confidential information connected to Plaintiff's investigation into political corruption in the City of Hawthorne.  A service copy of this warrant is attached hereto as **Exhibit 1**.  A list of the items seized from Plaintiff's office is attached hereto as **Exhibit 2**.

THE LAW OFFICE OF
THOMAS M. FERLAUTO, APC
8 WHITNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8691

-5-

The Law Office Of
Thomas M. Ferlauto, APC
8 Whatney Avenue, Suite 101
Irvine, California 92618
Phone (949) 334-8650
Facsimile (949) 334-8691

17.     Plaintiff is informed and believes and based upon that information and belief alleges that the search warrant executed by Valdivia was NOT the search warrant issued by Judge Hall.  It is Judge Hall's practice to carefully review each page of a search warrant, make interlineations limiting the scope of the search warrant, as appropriate, and then initial each and every page of the search warrant.  Judge Hall followed his procedure on the search warrant for locations 1-5.  He limited the items to be seized to only those items actually belonging to Ortega, and he initialed each and every page.  However, the search warrant, as executed on Location #6, deviated significantly from Judge Hall's ordinary procedure.  The face page of the search warrant for Location #6 appears to be signed by Judge Hall.  However, the following pages were not initialed and did not contain any interlineations limiting the property to be seized to that property belonging to Ortega.

18.     Plaintiff is informed and believes and based upon that information and belief alleges that Valdivia sought a search warrant for Location #6 for the improper purpose of harassing Plaintiff and interfering with Plaintiff's investigation into political corruption in the City of Hawthorne.   Valdivia also sought to improperly seize the property of Plaintiff, including property that contained confidential information concerning corruption in the City of Hawthorne.  This harassment was intended to interfere with Plaintiff's Constitutional right of freedom of speech and freedom of the press as guaranteed in the First Amendment.  However, upon issuing the search warrant for Location #6, Judge Hall's interlineations limited the search warrant to that property belonging to Ortega (just as he had modified the warrant for locations 1-5).  As such, the search warrant, as actually issued and initialed by Judge Hall, would not have permitted Defendant Valdivia to seize property belonging to Plaintiff (which was the entire reason for executing a search warrant on Location #6 — Plaintiff's office).  So, Valdivia, or someone working on his behalf, took the search warrant as actually issued by Judge Hall and unlawfully modified it by removing the pages with Judge Hall's initials and limiting interlineations and replacing those pages with different pages not approved of by Judge Hall.  Thus, Valdivia unlawfully modified a limited search warrant issued by Judge Hall into an unlimited search

warrant that would give Valdivia apparent justification for seizing Plaintiff's confidential investigative work product.

19.     Plaintiff did not know and could not reasonably have known that the search warrant executed against Location #6 was unlawfully modified.  A service copy of the warrant was left with the manager of the office building wherein Plaintiff's office was located.  However, the original was sealed in the Ortega criminal court file.  Plaintiff was not aware of Judge Hall's practice of initialing each page of a warrant and had no other reason to suspect that the search warrant had been unlawfully modified before it was executed.  In fact, Valdivia intentionally concealed the fact that the warrant for Location #6 had been unlawfully modified before its execution.

20.     On March 5, 2012, Plaintiff filed a motion in Ortega's criminal action for the return of his seized property.  On April 25, 2012, at a hearing in connection with Plaintiff's motion, Valdivia confirmed that the Search Warrant for location #6 was sealed by order of Judge Hall but failed to disclosed that the search warrant as executed was different from the warrant as issued.  On May 18, 2012, Plaintiff's motion to return property was granted in part.  Some but not all of Plaintiff's seized property was returned.  Valdivia still refuses to return some property, including confidential audio recordings of conversations relevant to Plaintiff's investigation of corruption in the City of Hawthorne.

21.     On April 3, 2013, Ortega filed a motion to dismiss his criminal prosecution under Penal Code section 995.  Finally, on January 13, 2014, Ortega's criminal case was dismissed in its entirety.

22.     A few months after the dismissal of Ortega's criminal case (in February, March or April of 2014), Plaintiff obtained copies of various documents concerning Ortega's criminal prosecution.  These documents happened to include a copy of the search warrant for locations 1-5, which had Judge Hall's initials and limiting interlineations.

23.     On July 29, 2015, Plaintiff met with Attorney Lisa Houlé. When comparing the warrants, attorney Lisa Houlé for the first time noticed a discrepancy between the warrant for location 1-5 and the warrant for location 6.  All of the pages for the warrant for locations 1-5

THE LAW OFFICE OF
THOMAS M. FERLAUTO, APC
8 WHITNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8691

bore the judge's initials at the bottom right hand corner of every page and contained limiting interlineations.   However, the warrant for location 6 did not have the judge's initials on the bottom right hand corner, and although substantially similar to the warrant for locations 1-5, the warrant for location 6 did not bear any of the judge's limiting interlineations.

24.     On July 30, 2015, Attorney Houlé met with Judge Hall to present to him a service copy of the search warrant for location 6.  Judge Hall looked at the warrant and said, "I know I didn't sign this warrant because my initials are not at the bottom of every page. It looks like my signature but I have no idea how if got there."

25.     On September 1, 2015, Attorney Lisa Houlé again met with Judge Hall, and he confirmed that it is his regular practice to initial the bottom of every page of a warrant and expressed concern that his initials are not on the pages of the warrant for location #6.

26.     On November 12, 2015, Judge Hall conducted an in camera review of the actual sealed warrants in criminal case LASC Case No. SA077354.  As to the April 18, 2011 warrant (for locations 1-5), he found that the signature and other writings on the face of the warrant, the original sealing order, and the handwritten limitations on the property that could be seized were all in blue ink and appeared genuine. Each page of the warrant's description section, documentation, affidavits and exhibits bears Judge Hall's initials on or near the bottom right corner which are also in blue ink and appear to be genuine and consistent with Judge Hall's practice when reading and ruling on requests for issuance of warrants.

27.     During the November 12, 2015, in camera review, Judge Hall also found that the April 27, 2011, search warrant (for location #6) appears to be an extension of the April 18, 2011, search warrant to a different address.  As to this search warrant, the signature and other writing on the face of the warrant and the original sealing order are in blue ink and appear to be genuine. However, Judge Hall's initials do not appear on any of the pages of the description section, supporting documentation, which would be at odds with Judge Hall's practice. Moreover, the handwritten limitations in the description section of the April 18, 2011, search warrant, do not appear on the very similar April 27, 2011, search warrant.  As the statement of probable cause in the April 27 2011, search warrant is essentially the same as and incorporates the statement of

The Law Office Of
Thomas M. Ferlauto, APC
8 Whatney Avenue, Suite 101
Irvine, California 92618
Phone (949) 334-8650
Facsimile (949) 334-8691

probable cause in the April 18, 2011, search warrant, Judge Hall would have imposed similar limitations on the scope of the authorized search.  Judge Hall's Findings from the In Camera Review is attached hereto as **Exhibit 3**.

28.     It was not until the receipt of Judge Hall's findings on November 13, 2015 concerning his in camera inspection of the sealed warrants that Plaintiff had any reason to believe that Defendants had wrongfully executed a modified warrant to illegally seize Plaintiff's property.  As such, no reasonable investigation of the facts would have or did reveal a factual basis for the causes of action that Plaintiff brings, and any statute of limitations had not begun to run or was tolled as a result of Defendants concealment of the modification of the search warrant for location #6, in violation of California law, and Plaintiff's rights under the California and Federal Constitutions.

29.     Defendant Valdivia's actions as alleged above were committed "under color of law" and in the course and scope of his employment with Defendant the County.  Defendant the County subsequently condoned and ratified Defendant Valdivia's actions.   Alternatively, Defendant the County was grossly negligent in the recruitment, training, and management of Defendant Valdivia and that negligence proximately caused the injuries suffered by Plaintiff and alleged herein.

30.     As a direct and proximate result of Defendants actions as herein alleged, Plaintiff has been damaged.  Plaintiff suffered economic loses in that he lost the use of his property wrongly seized.  He lost the value of the property seized and never returned.  He lost the economic benefit of his work product as an investigating journalist.  He lost income as an investigative journalist due to the interference with his First Amendment rights in that he was fearful to pursue his profession and other were fearful of confiding in him and otherwise working with him.  Thus, his income as an investigative journalist was severely impaired.  He also suffered general damages as a result of the tortious violations of his civil rights, including without limitation, the infliction of emotional distress that was both severe and enduring.

The Law Office Of
Thomas M. Ferlauto, APC
8 Whatney Avenue, Suite 101
Irvine, California 92618
Phone (949) 334-8650
Facsimile (949) 334-8691

**FIRST CAUSE OF ACTION**

Violation of 42 USC 1983 Against All Defendants

31.     Plaintiff incorporates Paragraphs 1-30 above, as if fully restated herein.

32.     Defendants, all acting under color of authority, deprived Plaintiff of his rights, privileges, or immunities secured by the State and Federal Constitution, by executing or causing to be executed an unlawfully modified search warrant on Plaintiff's office and seizing his property and confidential investigative journalist work product all for the purpose of harassing Plaintiff to prevent or chill his exercise of his right of freedom of speech and freedom of the press as guaranteed in the First Amendment to the United States Constitution.

33.     Furthermore the County and the Bureau have policies and procedures that require that an investigation that resulted in the seizure of evidence pursuant to a search warrant be monitored periodically for proper disposition of the seized property. Despite this, Plaintiffs remained deprived of access to and use of his Property, even after the case was dismissed by the Los Angeles County District Attorney.  Defendants the County, Cooley and Lacey knew that the wrongful conduct of Defendant Valdivia created a substantial risk of harm to Plaintiffs, and Defendants the County, Cooley and Lacey acquiesced to Defendant Valdivia's failures and Defendants the County, Cooley and Lacey failed to take adequate action to ensure compliance with the applicable policies and procedures, so as to prevent the wrongful conduct that harmed Plaintiffs.   The actions and inactions of Defendants the County, Cooley and Lacey and Valdivia were substantial factors in causing Plaintiff's harm.

34.     As a direct, proximate and foreseeable result of Defendant's violation of 42 USC 1983 as alleged herein, Plaintiff has been damaged as alleged herein above in paragraph 30.  The exact amount of this damage is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

35.     As a result of Defendants' tortious conduct as alleged above, Plaintiff has suffered, and will continue to suffer, general damages.  The full amount of these damages is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

THE LAW OFFICE OF
THOMAS M. FERLAUTO, APC
8 WHATNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8651

36.     The conduct of the Defendants, and each of them, was wanton, willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent to cause Plaintiff injury and constitutes malice, actual, express and implied.   Accordingly, Plaintiff is entitled to an award of exemplary damages against Defendants, in a sum to be established at trial sufficient to deter future similar conduct.

### SECOND CAUSE OF ACTION

(Monell Claim) Unlawful Custom and Practice Under 42 U.S.C. § 1983

Against Defendant the County and the City

37.     Plaintiff incorporates Paragraphs 1-30 above, as if fully restated herein.

38.     The County and the City are and at all times herein mentioned have been public entities duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, the County and the City possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Bureau and the Department, respectfully, and their tactics, methods, customs, and usages related to criminal investigations, and personnel supervision, among other things.

39.     The County and the City knowingly and intentionally promulgated, maintained, applied, enforced, and continued policies, customs, practices and usages in violation of the First, Fourth and Fourteenth Amendment respectively to the United States Constitution, which customs, practices, and usages at all times herein mentioned cause Plaintiff's harm.

40.     The County and the City knowingly maintain and permit official sub-rosa policies and customs of permitting the occurrence of the kinds of wrongs set forth in this Complaint, despite such occurrences being in direct contravention of County and City policy and the Penal Code.

41.     As a direct, proximate and foreseeable result of Defendants' violation of 42 USC 1983 as alleged herein, Plaintiff has been damaged as alleged herein above in paragraph 30.  The exact amount of this damage is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

THE LAW OFFICE OF
THOMAS M. FERLAUTO, APC
8 WHITNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8651

42.     As a result of Defendants' tortious conduct as alleged above, Plaintiff has suffered, and will continue to suffer, general damages.  The full amount of these damages is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

43.     The conduct of the Defendants, and each of them, was wanton, willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent to cause Plaintiff injury and constitutes malice, actual, express and implied.   Accordingly, Plaintiff is entitled to an award of exemplary damages against Defendants, in a sum to be established at trial sufficient to deter future similar conduct.

### THIRD CAUSE OF ACTION

Negligence, Against Defendant Valdivia

44.     Plaintiff incorporates Paragraphs 1-30 above, as if fully restated herein.

45.     The California Penal Code sets forth multiple mandatory, ministerial duties upon Peace Officers who seek, obtain and execute search warrants, for the purpose of providing notice to persons like Plaintiffs, who have had their property seized, so that they have the ability to challenge the seizure before the court.

46.     By failing to return the unaltered search warrant for location #6 to the Los Angeles County Superior Court, along with its Statement of Probable Cause,   Defendants prevented a public judicial record from being created of the actual warrant issued. Defendant Valdivia failed to do these things in violation of a statutory duty to do so. Defendant Valdivia breach of those duties, harmed, and damaged Plaintiff.

47.     As a direct, proximate and foreseeable result of Defendant's negligence as alleged herein, Plaintiff has been damaged as alleged herein above in paragraph 30.  The exact amount of this damage is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

48.     As a result of Defendants' tortious conduct as alleged above, Plaintiff has suffered, and will continue to suffer, general damages.  The full amount of these damages is not

THE LAW OFFICE OF
THOMAS M. FERLAUTO, APC
8 WHATNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8691

1   currently known to Plaintiff, who will seek leave of court to amend this complaint upon

2   ascertaining the precise amount of said damages.

3       49.    The conduct of the Defendants, and each of them, was wanton, willful, deliberate,

4   and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent

5   to cause Plaintiff injury and constitutes malice, actual, express and implied.  Accordingly,

6   Plaintiff is entitled to an award of exemplary damages against Defendants, in a sum to be

7   established at trial sufficient to deter future similar conduct.

8   <u>**FOURTH CAUSE OF ACTION**</u>

9   Negligence, Against Defendant the County

10       50.    Plaintiff incorporates Paragraphs 1-30 above, as if fully restated herein.

11       51.    Defendants the County, Cooley, Lacey owed a duty to Plaintiffs to ensure that the

12   mandatory ministerial provisions of the Penal Code, as well as Defendants' own internal policies,

13   were complied with, as the Penal Code and Defendants' policies establish non-discretionary

14   ministerial duties upon the Defendants, for the benefit of persons like Plaintiffs. Defendant the

15   County was negligent for failing to ensure that its own internal policies and various mandatory

16   Penal Code provisions were complied with by its employee, Defendant Valdivia.

17       52.    Defendants the County, Cooley and Lacey failed to implement adequate

18   procedural safeguards to prevent the violations of Plaintiffs' rights, and were deliberately

19   indifferent to Plaintiffs' rights, despite having policies in place to prevent such violations.

20   Defendants the County, Cooley and Lacey negligently oversaw the actions of Defendant Valdivia

21   and Defendants the County, Cooley and Lacey failed to properly supervise Defendant Valdivia,

22   to ensure that Valdivia was in compliance with the County and the Bureau's internal policies, as

23   well as the the Penal Code's mandatory provisions that are for the benefit of Plaintiffs. Had

24   Defendants the County, Cooley and Lacey acted to ensure compliance with its internal policies,

25   the violation of Plaintiffs' rights would have been prevented.   As a result of Defendants the

26   County, Cooley and Lacey's failure to ensure compliance with its internal polices and the Penal

27   Code, and to properly supervise Defendant Valdivia, Plaintiff was harmed.

28

The Law Office Of
Thomas M. Ferlauto, APC
8 Whatney Avenue, Suite 101
Irvine, California 92618
Phone (949) 334-8650
Facsimile (949) 334-8651

The Law Office Of
Thomas M. Ferlauto, APC
8 Whitney Avenue, Suite 101
Irvine, California 92618
Phone (949) 334-8650
Facsimile (949) 334-8691

53.     As a direct, proximate and foreseeable result of Defendant's negligence as alleged herein, Plaintiff has been damaged as alleged herein above in paragraph 30.  The exact amount of this damage is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

54.     As a result of Defendants' tortious conduct as alleged above, Plaintiff has suffered, and will continue to suffer, general damages.  The full amount of these damages is not currently known to Plaintiff, who will seek leave of court to amend this complaint upon ascertaining the precise amount of said damages.

55.     The conduct of the Defendants, and each of them, was wanton, willful, deliberate, and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent to cause Plaintiff injury and constitutes malice, actual, express and implied.  Accordingly, Plaintiff is entitled to an award of exemplary damages against Defendants, in a sum to be established at trial sufficient to deter future similar conduct.

### FIFTH CAUSE OF ACTION

Negligent Infliction of Emotional Distress Against All Defendants

56.     Plaintiff incorporates Paragraphs 1-30 above, as if fully restated herein.

57.     Defendants owed Plaintiffs a duty of care pursuant to the State and Federal Constitutions, various Penal Code sections, as well as County's and City's internal policies that were promulgated to protect the rights of persons like Plaintiff.

58.     Defendants breached those duties, and Defendants' conduct was outrageous.  As a result of the breach, Defendants directly damaged Plaintiff, who suffered emotional distress. Plaintiff suffered emotional distress including but not limited to fear, apprehension, nervousness, shock, humiliation for apparently being investigated for a crime he did not commit, loss of sleep, anxiety, financial anxiety, worry and other emotional distress according to proof.  In addition, Defendant Valdivia's actions and manner of investigating Plaintiff for a crime he did not commit caused Plaintiff to be fearful of pursuing his profession as an investigative journalist.

59.     As a direct, proximate and foreseeable result of Defendant's negligence as alleged herein, Plaintiff has been damaged as alleged herein above in paragraph 30.  The exact amount of

1    this damage is not currently known to Plaintiff, who will seek leave of court to amend this

2    complaint upon ascertaining the precise amount of said damages.

3        60.    As a result of Defendants' tortious conduct as alleged above, Plaintiff has

4    suffered, and will continue to suffer, general damages.  The full amount of these damages is not

5    currently known to Plaintiff, who will seek leave of court to amend this complaint upon

6    ascertaining the precise amount of said damages.

7                              **SIXTH CAUSE OF ACTION**

8              Bane Act Violation, Cal. Civil Code 52.1, Against All Defendants

9        61.    Plaintiff incorporates Paragraphs 1-30 above, as if fully restated herein.

10       62.    Defendants injured Plaintiff or his property to prevent Plaintiff from exercising

11   his right to free speech and freedom of the press, or Defendants retaliated against Plaintiff for

12   having exercised his right to free speech and freedom of the press in violation of the Bane Act,

13   California Civil Code section 52.1.

14       63.    As a direct, proximate and foreseeable result of Defendant's violation of the Bane

15   Act as alleged herein, Plaintiff has been damaged as alleged herein above in paragraph 30.  The

16   exact amount of this damage is not currently known to Plaintiff, who will seek leave of court to

17   amend this complaint upon ascertaining the precise amount of said damages.

18       64.    As a result of Defendants' tortious conduct as alleged above, Plaintiff has

19   suffered, and will continue to suffer, general damages.  The full amount of these damages is not

20   currently known to Plaintiff, who will seek leave of court to amend this complaint upon

21   ascertaining the precise amount of said damages.

22       65.    The conduct of the Defendants, and each of them, was wanton, willful, deliberate,

23   and in conscious disregard of the rights and feelings of Plaintiff, was undertaken with the intent

24   to cause Plaintiff injury and constitutes malice, actual, express and implied.  Accordingly,

25   Plaintiff is entitled to an award of exemplary damages against Defendants, in a sum to be

26   established at trial sufficient to deter future similar conduct.

27

28

THE LAW OFFICE OF
THOMAS M. FERLAUTO, APC
8 WHATNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8691

The Law Office Of
Thomas M. Ferlauto, APC
8 Whatney Avenue, Suite 101
Irvine, California 92618
Phone (949) 334-8650
Facsimile (949) 334-8651

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

**On the FIRST CAUSE OF ACTION:**

a)       For compensatory, economic and non-economic damages in an amount to be proven at trial;

b)       For punitive damages to be proven at trial; and

c)       For costs of suit including reasonable attorney's fees.

**On the SECOND CAUSE OF ACTION:**

d)       For compensatory, economic and non-economic damages in an amount to be proven at trial;

e)       For punitive damages to be proven at trial; and

f)       For costs of suit including reasonable attorney's fees.

**On the THIRD CAUSE OF ACTION:**

g)       For compensatory, economic and non-economic damages in an amount to be proven at trial;

h)       For costs of suit including reasonable attorney's fees.

**On the FOURTH CAUSE OF ACTION:**

i)       For compensatory, economic and non-economic damages in an amount to be proven at trial;

j)       For costs of suit including reasonable attorney's fees.

**On the FIFTH CAUSE OF ACTION:**

k)       For compensatory, economic and non-economic damages in an amount to be proven at trial;

l)       For costs of suit including reasonable attorney's fees.

**On the SIXTH CAUSE OF ACTION:**

m)       For compensatory, economic and non-economic damages in an amount to be proven at trial;

n)       For punitive damages to be proven at trial; and

1      o)     For costs of suit including reasonable attorney's fees.

2  **ON ALL CAUSES OF ACTION:**

3      p)     For restoration of Plaintiff's wrongfully seized property;

4      q)     For pre and post-judgment interest on all damages and other relief awarded herein

5  from all entities against whom such relief may be properly awarded; and

6      r)     For all such other relief as this Court deems just and appropriate.

8  DATED: January 13, 2016        The Law Office Of Thomas M. Ferlauto, APC

By: _____
Thomas M. Ferlauto
Attorney For: Plaintiff, JESUS ESCOCHEA

THE LAW OFFICE OF THOMAS M. FERLAUTO, APC
8 WHATNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8691

1

2 **DEMAND FOR JURY TRIAL**

3     Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of

4 Civil Procedure.

5

6 DATED: January 13, 2016              The Law Office Of Thomas M. Ferlauto, APC

7

8                              By: _____

9                               Thomas M. Ferlauto
                              Attorney For: Plaintiff, JESUS ESCOCHEA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE LAW OFFICE OF
THOMAS M. FERLAUTO, APC
8 WHATNEY AVENUE, SUITE 101
IRVINE, CALIFORNIA 92618
PHONE (949) 334-8650
FACSIMILE (949) 334-8691

-18-

EXHIBIT 1

*SERVICE COPY*

SW NO._____

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

# SEARCH WARRANT AND AFFIDAVIT
### (AFFIDAVIT)

**Senior Investigator R. Valdivia #146**, swears under oath that the facts expressed by him in this Search Warrant and Affidavit and in the attached and incorporated Statement of Probable Cause are true and that based thereon he has probable cause to believe and does believe that the property and/or persons described below is lawfully seizable pursuant to Penal Code Section 1524, as indicated below, and is now located at the locations set forth below.  Wherefore, affiant requests that this Search Warrant be issued.

_____
(Signature of affiant)

**NIGHT SEARCH REQUESTED: YES [  ] NO [ X ]**

# (SEARCH WARRANT)

**THE PEOPLE OF THE STATE OF CALIFORNIA TO ANY SHERIFF, POLICE OFFICER, OR PEACE OFFICER IN THE COUNTY OF LOS ANGLES:**  proof by affidavit having been made before me by **Senior Investigator R. Valdivia #146**, that there is probable cause to believe that the property and/or person described herein may be found at the locations set forth herein and is lawfully seizable pursuant to Penal Code Section 1524 as indicated below by "x" (s) in that:

|   |   |
|---|---|
| _____ | it was stolen or embezzled |
| X | it was used as the means of committing a felony |
| X | it is possessed by a person with the intent to use it as means of committing a public offense or is possessed by another to whom he or she may have delivered it for the purpose of concealing it or preventing its discovery |
| X | it tends to show that a felony has been committed or that a particular person has committed a felony |
| _____ | it tends to show that sexual exploitation of a child in violation of Section 311.3 or depiction of sexual conduct of a person under the age of 18 years, in violation of Section 311.11, has occurred or is occurring |
| _____ | there is a warrant for the person's arrest |

**YOU ARE THEREFORE COMMANDED TO SEARCH:**

**LOCATION   #6      17725 Crenshaw Blvd., Suite #304, Torrance, California 90504**

SEE ATTACHED AND INCORPORATED DESCRIPTION PAGE

**FOR THE FOLLOWING PROPERTY:**
SEE ATTACHED AND INCORPORATED DESCRIPTION PAGE



**AND TO SEIZE IT IF FOUND** and bring it forthwith before me, or to this court, at the courthouse of this court.  This Search Warrant and incorporated Affidavit was sworn to as true and subscribed before me this 27ᵗ ᴸ **day of** _Apv il_ , 20⟨⟩ at _2⟨⟩ 3⟨⟩_ **A.M./P.M.**  Wherefore, I find probable cause for the issuance of this Search Warrant and do issue it.

HENRY J. HALL

_____, **NIGHT SEARCH APPROVED: YES [  ] NO [ ]**
(Signature of Magistrate)

Judge of the Superior Court, _Central_ _____ Judicial District.

**SW & A1**

DA-1506-A1 76S346W3-REV.5/97

## DESCRIPTION OF LOCATION(S) TO BE SEARCHED

### LOCATION TO SEARCH #6

**17725 Crenshaw Blvd., Suite #304**
**Torrance, CA 90504**
Los Angeles County

**17725 Crenshaw Blvd., Suite #304, Torrance, California 90504** is described as a three story office building located on the west side of Crenshaw Boulevard. The building is approximately centered between West 177th Street and West 178th Street.  **Suite #304** is on the 3rd floor of the building.  The entry door to **suite #304** faces west and has the number **"304"** on it.

The search is to include all rooms, desks, filing cabinets, containers, areas, safes, storage areas and trash containers.

### PERSON(S) TO BE SEARCHED:

**Edward Joseph Ortega**
Male / Hispanic / 5'11" / 190 / Brown / Hazel
DOB:  11/12/1971
CDL:  A3102108
SS#:  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
CII:    A10727542

### VEHICLE(S) TO BE SEARCHED:

Any vehicle under the control of or occupied by **Edward Joseph Ortega** at the time this warrant is served including:

1993 Dodge pick-up truck, California vehicle license plate 57653A1
1991 Mazda, California vehicle license plate 6JHC938
2007 Ford, California vehicle license plate OPLEEZZ
Jeep Cherokee, California vehicle license plate 4PTJ188
1985 Chevrolet Suburban, California vehicle license plate 4ZRU406

## PROPERTY TO BE SEIZED:

Records or articles of personal property tending to establish and document that **Edward Joseph Ortega** or possible co-conspirators had solicited employment, are currently employed or had been employed by entities, including but not limited to the **City of Hawthorne**, as a private investigator operating under the business name "**OHI Services**," and/or utilizing **private investigator license # 18632**, and/or utilizing **social security number 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**. Records include employment records, files, correspondence, notebooks, notes, personal telephone/address books, diaries, letters, business records, financial records, contracts, checks, papers, documents, printed materials, digital information stored within computers, emails, any and all handwritten notes or printed materials describing computer operation and/or confidential password lists used to access secured computer files. Personal property includes computers, computer discs, CD ROMS and/or flash drives, keys to lock boxes, safes and safety deposit boxes.

Articles of personal property tending to establish the identity of persons in control of the premises, vehicles, storage areas, or off-site work offices where **Edward Joseph Ortega** or possible co-conspirators could solicit employment, maintain employment or store records of past employment with entities, included but not limited to the **City of Hawthorne,** as a private investigator operating under the business name "**OHI Services,**" and/or utilizing **private investigator license # 18632** and/or utilizing **social security number 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**. Articles of personal property include utility company receipts, rent receipts, canceled mail envelopes, photographs, keys, telephone answering machine and answering machines tapes; papers, documents and effects which tend to show possession or domain and control over said location, including keys, canceled mail, rental agreements and receipts, utility bills, telephone bills, vehicle registration and bill of sale, address and telephone books showing possible co-conspirators, documents, or any objects bearing the names, telephone numbers and addresses of possible co-conspirators.

Any bank account(s) to which **Edward Joseph Ortega** has, or has had, access and/or control, to include the following:

Original of all signature cards and application(s) filed in connection with said account(s);

Copies of any records pertaining to identification of persons using account(s), including photographs, driver's license number(s), or any other means of identification;

Copies of all financial statements, including monthly statements issued for said accounts, or related accounts, including account balances, from **04/22/2010 to present** or closing of said accounts;

2
Description

Copies of all documents pertaining to withdrawals of funds from said account(s) or related accounts, including copies of all checks drawn on the accounts;

Copies of all documents pertaining to deposits of funds to said accounts or related accounts, including copies of all checks, warrants, or other instruments deposited to accounts;

Copies of any safe deposit box logs;

Contents of safe deposit box to which subject has access; be it account holder, power of attorney, attorney-in-fact and/or are authorized signature;

Any of the aforementioned evidence listed as evidence to be seized, whether in documentary form or contained on electronic storage devices capable of storing electronic data including electronic mail, images, data, files, web pages, documents, address books and partially deleted files stored in unallocated space.

Computer software that is stored electronically, magnetically, optically or digitally, including operating systems, applications, utilities, compilers, interpreters and communications programs.

Computer password and data security devices used to conceal or restrict access to the evidence described herein.   Data security devices may consist of hardware, software or other programming codes.

For any computer hard drive or other electronic media (hereinafter, "COMPUTER") found to contain information otherwise called for by this warrant:

Evidence of who used, owned or controlled the COMPUTER at the time the things described in this warrant were created, edited or deleted, such as logs, registry entries, saved usernames and passwords, documents, and browsing history; evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software; evidence of the lack of such malicious software; evidence of the attachment to the COMPUTER of other storage devices, disks, CD-ROMS, or similar containers for electronic evidence; evidence of the times the COMPUTER was used; passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER; documentation and manuals that may be necessary to access or conduct an examination of the COMPUTER.

The search, as to the above persons and premises is to include the taking of photographs and/or imaging of the individuals, vehicles and premises (interior and exterior) for identification purposes.

**EXHIBIT 2**

## INSTRUCTIONS

1. Fill out the form completely.
2. Locations: Each location will be designated by a number beginning with 1; the first location will be 1, the second location will be 2, etc.
3. Each area of the location searched where items are seized will be identified and followed with an alpha letter, beginning with "A", i.e., Living Room (A); Bedroom #1(B), Vehicle 1990 Cadillac Seville, license #2BAD000 (C). Garage (D), Storage Shed (E). Outdoor Trash Receptacle (F), etc.
4. Items seized will be listed underneath the area searched. Each item will be numbered consecutively and the area alpha letter will be listed behind it, i.e., 1A1, 1A2, 1A3, etc., 2A1, 2B1, 2B2, 2B3, etc.
5. Items seized will be marked prominently as indicated above.
6. In most cases, attempt to put consecutive items in the same container, i.e., 1A1 through 1H23 would be put in container or box #1.

7. Property: Identify concisely and briefly.
8. Serialized Property: Identify make or brand name, type of property, model number, and serial number. Be certain to obtain an accurate count of items seized.
9. Weapons: Identify by brand name, include caliber, type of weapon, model number, and serial number. i.e., S&W 38 cal. Revolver, model #57, serial #V00000; Remington 12 Ga. Shotgun, pump, model 870, serial #00000000.
10. All inventorying, marking of evidence and boxes must be completed prior to placing into evidence at the evidence storage location.
11. Use a continuation sheet if more than one page is required to record seized property.

| PAGE | 1 | OF | 4 | PAGES |

| DISTRICT ATTORNEY'S OFFICE COUNTY OF LOS ANGELES PROPERTY RECEIPT AND INVENTORY | PROPERTY # 3292 | DATE | 7/~~/2011 |
|---|---|---|---|
| | | CASE NAME | OBRIEN |
| | | CASE NUMBER | |
| | | CASE INV. | |

SEARCH WARRANT: ☒ YES ☐ NO   IF NO, EXPLAIN:                    IF BUSINESS, LIST NAME:

LOCATION ADDRESS: _____   LOCATION # 6

PERSON FROM WHOM PROPERTY WAS TAKEN:   (NAME) _____   (TITLE)

### INVENTORY

| ITEM | BOX # | DESCRIPTION OF PROPERTY |
|---|---|---|
| | | Area A |
| | | FOUND ON TOP OF DESK BY VALDIVIA |
| 6 A-1 | | RESUME FOR "JESSE ESLOCHEA" 2 PAGES |
| 6 A-2 | | VERIZON CELL PHONE RECORDS FOR ED ORTEGA, 2 PAGES |
| 6 A-3 | | UNION BANK DEPOSIT SLIP FOR ED ORTEGA IN THE AMOUNT OF $800.00 #3580470814 |
| 6 A-4 | | BUSINESS CARD FOR LA COUNTY DDA EDWARD A. MILLER. |

ROOM SEARCHED BY: VALDIVIA #146

ITEMS RECORDED BY: J. BISHOP #175

AFFIDAVIT: I, Hector Alvarado , THE D.A. INVESTIGATOR BY WHOM THIS WARRANT WAS EXECUTED DO SO
Team Leader (Print Name)
SWEAR THAT THE ABOVE INVENTORY CONSISTING OF _____ PAGE(S) CONTAINS A TRUE AND DETAILED ACCOUNT OF ALL

THE PROPERTY TAKEN BY ME ON THE WARRANT (1537 P.C.).

| Hector Alvarado | | 4/5/11 | 1015 |
|---|---|---|---|
| PRINT NAME / SIGNATURE OF TEAM LEADER | | DATE | TIME SERVED |
| J Bishop | | 2-6-2011 | 1300 |
| PRINT NAME / SIGNATURE OF TRANSPORTING INVESTIGATOR | | DATE | TIME OBTAINED |
| PROPERTY RECEIVED BY PROPERTY CUSTODIAN | | DATE | TIME BOOKED |

WHITE - PROPERTY CUSTODIAN
YELLOW - INVESTIGATOR
PINK - COURT
GREEN - SEARCH LOCATION

DA-1559-F-76P876R-REV. 3/07

# CONTINUATION SHEET

| PAGE | 2 | OF | 4 | PAGES |
|---|---|---|---|---|

| **DISTRICT ATTORNEY'S OFFICE**<br>**COUNTY OF LOS ANGELES**<br>**PROPERTY RECEIPT AND**<br>**INVENTORY** | **PROPERTY #**<br><br>3292 | **DATE** 4-28-2011 |
|---|---|---|
| | | **CASE NAME** OBRIEN |
| | | **CASE NUMBER** 2010-6-2856 |
| | | **INVESTIGATOR** R VALDIVIA #146 |

## INVENTORY

| ITEM | BOX # | DESCRIPTION OF PROPERTY |
|---|---|---|
| | | AREA "A" - OFFICE CONTINUED |
| | | |
| 6 A-5 | | HAND WRITTEN NOTES WITH DATES |
| 6 A-6 | | HERTZ RENTAL CAR RECEIPT |
| 6 A-7 | | O.H.I. SERVICES CLIENT AGREEMENT 4 PAGES |
| 6 A-8 | | MY BOOK HOME EDITION EXTERNAL HARD DRIVE SERIAL # WCAV48364379 |
| 6A-9 | | MAXTOR XTERNAL HARD DRIVE SERIAL # Y64FDK3E |
| 6A-10 | | POWER MAC G-4 DESK APPLE CPU XR03Z0F3J3B WITH POWER CORD |
| 0 | | AREA "A" OFFICE CONTINUED<br>FOUND ON SHELF ALONG EAST WALL BY ALVARADO |
| 6 A-11 | | THREE DAY NOTICE TO PAY RENT OR QUIT 17725 CRENSHAW BLVD, SUITE 304 |
| | | AREA "A" OFFICE CONTINUED<br>FOUND ON FLOOR NEAR NORTH WALL BY VALDIVIA |
| 6 A-12 | | EMPTY DELL CPU WITH BLACK 4GB THUMB DRIVE INSERTED SERIAL # SDCZ36-004G<br>CPU SERIAL # ZLWV711 N POWER CORD |

**ROOM SEARCHED BY:** VALDIVIA #146

**ITEMS RECORDED BY:** B CUP #175

WHITE - PROPERTY CUSTODIAN
YELLOW - INVESTIGATOR
PINK - COURT
GREEN-SEARCH LOCATION

# CONTINUATION SHEET

| | | PAGE 3 OF 4 PAGES |
|---|---|---|

| DISTRICT ATTORNEY'S OFFICE COUNTY OF LOS ANGELES **PROPERTY RECEIPT AND INVENTORY** | PROPERTY # 3292 | DATE 4/28/2011 |
|---|---|---|
| | | CASE NAME OBRIEN |
| | | CASE NUMBER 2010-6-2856 |
| | | INVESTIGATOR R VALDIVIA #146 |

## INVENTORY

| ITEM | BOX # | DESCRIPTION OF PROPERTY |
|---|---|---|
| | | AREA "A" OFFICE CONTINUED |
| | | FOUND ON DESK BY H. ALVARADO |
| | | |
| 6 A-13 | | MY BOOK EXTERNAL HARD DRIVE . |
| | | SERIAL # NCAU4431669, WITH POWER |
| | | CORD AND CABLE |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**ROOM SEARCHED BY:** ALVARADO #122   VALDIVIA #146

**ITEMS RECORDED BY:** J. BISHOP #175

DA-1557-F-76P876R-REV. 10/05

WHITE - PROPERTY CUSTODIAN
YELLOW - INVESTIGATOR
PINK - COURT
GREEN-SEARCH LOCATION

# CONTINUATION SHEET

| | | | PAGE 4 | OF 4 | PAGES |
|---|---|---|---|---|---|

**DISTRICT ATTORNEY'S OFFICE**
**COUNTY OF LOS ANGELES**
**PROPERTY RECEIPT AND**
**INVENTORY**

PROPERTY # 3292

| DATE | 4/28/2011 |
|---|---|
| CASE NAME | OBRIEN |
| CASE NUMBER | 2010-6-2856 |
| INVESTIGATOR | R VALDIVIA # 146 |

## INVENTORY

| ITEM | BOX # | DESCRIPTION OF PROPERTY |
|---|---|---|
| | | AREA "B" STORAGE ROOM |
| | | FROM SAFE located ON S/W CORNER OF ROOM |
| 6 B-1 | | NUMEROUS CITY OF HAWTHORNE INTERNAL DOCUMENTS |
| 6 B-2 | | NUMEROUS CITY OF HAWTHORNE INTERNAL DOCUMENTS located INSIDE A WHITE FED EX ENVELOPE. |
| 6 B-3 | | COMPACT DISK LABELED "ESCOBAR INTERVIEW" |
| 6 B-4 | | COMPACT DISK LABELED "CRUICKSHANK INTERVIEW" |
| 6 B-5 | | CHAVE COMPACT DISK LABELED "CHAVEZ INTERVIEW" |
| 6 B-6 | | COMPACT DISK LABELED "GUITIERREZ INTERVIEW" |
| 6 B-7 | | COMPACT DISK LABELED "DICRISCI INTERVIEW" |
| 6 B-8 | | COMPACT DISK LABELED "OBRIEN INTERVIEW" |
| 6 B-9 | | COMPACT DISK LABELED "VALKYRIE AUDIO" |
| 6 B-10 | | MAXTOR EXTERNAL HARD DRIVE SERIAL# L6ONMJZ6 |
| 6 B-11 | | EXTERNAL FLASH DRIVE SERIAL # BH070415B/SAN DISK |
| 6 B-12 | | KINGSTON FLASH DRIVE, DATA TRAVELER 8GB |
| | | |
| | | |

**ROOM SEARCHED BY:** R VALDIVIA # 146
**ITEMS RECORDED BY:** J. BISHOP #175

WHITE - PROPERTY CUSTODIAN
YELLOW - INVESTIGATOR
PINK - COURT
GREEN-SEARCH LOCATION

DA-1557-F-76P876R-REV. 10/05

**EXHIBIT  3**

# *SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES*

|  |  |  |  | **DEPT 111** |
|---|---|---|---|---|
| Date: | November 12, 2015 |  | I. Perez | Clerk |
| Honorable: | Henry J. Hall | Judge | (none) | Reporter |

---

(Parties and Counsel checked if present)

The People of the State of
California

VS                          Counsel for People:

Edward Joseph Ortega,
Defendant

Counsel for Defendant:

**CASE: SA077354**

---

Nature of Proceedings: **FINDINGS FROM *IN CAMERA* REVIEW – Search Warrant 61933**

The Court unsealed and reviewed the search warrants and supporting documents and exhibits *in camera*.

The findings of this review are set forth in a separate document.

The search warrants and supporting documents and exhibits are hereby ordered resealed pending any further order of this or any other competent court, and are to be returned to the clerk's office.

Court's Findings from *In Camera* Review is signed and filed.

1

| Minutes Entered |
|---|
| 11-12-15 |
| County Clerk |

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

NOV 1 2 2015

FOR THE COUNTY OF LOS ANGELES

Sherri R. Carter, Executive Officer/Clerk

DEPARTMENT 111

By_____, Deputy
I. Perez

In re:                                    )   **FINDINGS FROM**
                                          )   ***IN CAMERA***
          SEARCH WARRANT 61933            )   **REVIEW**
                                          )
_____)

     The court has unsealed and reviewed the search warrants and their supporting

documents, affidavits, and exhibits. The file in this matter contains two separate search

warrants, one dated April 18, 2011, and the other dated April 27, 2011, under the same

search warrant number.

     As to the April 18, 2011, search warrant, the signature and other writing on the

face of the warrant, the original sealing order, and the handwritten limitations on what

could be searched found on pages four and five of the "description" section, are in blue

ink and appear to be genuine. Each page of this warrant's supporting "description"

section, documentation, affidavits, and exhibits bears the court's initials, which are also

in blue ink and appear to be genuine, on or near the bottom right corner, which is this

court's practice when reading and ruling on requests for the issuance of search warrants.

     The April 27, 2011, search warrant appears to be an extension of the April 18,

2011, search warrant to a different address. As to this April 27, 2011, search warrant, the

signature and other writing on the face of the warrant and the original sealing order are in

1

blue ink and appear to be genuine. However, the court's initials do not appear on any of the pages of the "description" section, supporting documentation, which would be at odds with this court's practice. Moreover, the handwritten limitations in the "description" section of the April 18, 2011, search warrant, do not appear on the very similar April 27, 2011, search warrant. As the statement of probable cause in the April 27, 2011, search warrant is essentially the same as and incorporates the statement of probable cause in the April 18, 2011, search warrant, this court would have imposed similar limitations on the scope of the authorized search.

The search warrant and the supporting documents, affidavits, and exhibits are ordered resealed subject to an order from this or any other competent court.

Dated this 12th day of November, 2015.



HENRY J. HALL
Judge of the Superior Court

2