# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ESCOCHEA,<br><br>    Plaintiff,<br><br>vs.<br><br>THE COUNTY OF LOS ANGELES; RONALD VALDIVIA, in his individual and official capacity; STEVE COOLEY, in his official capacity; JACKIE LACEY, in her official capacity; KEITH KAUFFMAN, in his individual and official capacity; and THE CITY OF HAWTHORNE,<br><br>    Defendants. | 2:16-cv-00271 JFW (JEMx)<br>*[Assigned to the Hon. John F. Walter, Courtroom 16]*<br><br>**PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**<br><br>**Complaint Filed:** 01/13/16<br>**Trial Date:** 02/07/17 |

The Court, having read the proposed protective order by Defendants County of Los Angeles and Ronald Valdivia (hereinafter "County Defendants") and Defendants City of Hawthorne and Keith Kauffman (hereinafter "City Defendants") and Plaintiff Jesus Escochea (hereinafter "Plaintiff"), by and through their counsel of record, makes the following rulings thereon:

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

19908

1
**PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

1. Any and all DOCUMENTS in Defendant County of Los Angeles' possession, custody and/or control relating to the following shall be produced under seal and subject to the confidentiality requirements set forth by this protective order ("DOCUMENT" means a writing as defined by Federal Rules of Evidence 1001(1), and shall include without limitation, the original (and absent the original then a copy thereof), all file copies and copies not identical to the original of any writing or record of every type, form, and description that is in the possession, custody, or control of the responding party, or that no longer is in the responding party's possession but that the responding party still has knowledge, whether or not said writings or records are claimed to be privileged or otherwise immune from discovery including by way of illustration and not limitation, the following items, whether said writings or records are on paper, magnetic disk, tape, or other computer or digital storage medium, microfilm, microfiche, floppy, or any other storage or recording medium):

    a) Personnel file for Ronald Valdivia, including, but not limited to:
        a. Any and all training documents for Ronald Valdivia, including dates of training, descriptions of training and certificates of completion;
        b. Any and all salary information, including bonus verifications;
        c. Any and all performance evaluations and related reports;
        d. Any and all other personnel records contained within Ronald Valdivia's personnel file.
    b) The Internal Affairs Bureau investigation file pertaining to Ronald Valdivia's involvement with the search warrant dated April 27, 2011 relating to the address located at 17725 Crenshaw Blvd., Suite #304, Torrance, California 90504.

2. Any and all DOCUMENTS in Defendant City of Hawthorne's possession, custody and/or control relating to the following shall be produced under

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

19908

seal and subject to the confidentiality requirements set forth by this protective order:

    a) Personnel file for Keith Kauffman, including, but not limited to:

        a. Any and all training documents for Keith Kauffman;

        b. Any and all salary information;

        c. Any and all performance evaluations;

        d. Any and all other personnel records contained within Keith Kauffman's personnel file.

**IT IS FURTHER ORDERED THAT,**

1. Any information produced by any party may be designated, pursuant to this Protective Order, "CONFIDENTIAL INFORMATION," by the Producing Party[1] marking (apart from original deposition or trial transcripts) the words "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" on each page of such designated material.

2. CONFIDENTIAL INFORMATION shall be used in this litigation as follows:

    a. CONFIDENTIAL INFORMATION and the information contained therein shall be used solely in connection with this litigation and the preparation of this case, or any related appellate proceeding, and not for any other purpose, including any other litigation or administrative proceedings. Further, the Parties' Counsel agrees that CONFIDENTIAL INFORMATION and the information contained therein shall be for Attorney's Eyes Only, and shall not be disclosed to their clients.

    b. Under no circumstances shall the CONFIDENTIAL INFORMATION, or the information contained therein, be retained, compiled, stored, used as a database, or disseminated, in any form, except for purposes of this

---

[1] For purposes of this Order, the "Producing Party" shall mean the party producing documents and/or seeking to designate the material confidential. The "Receiving Party" shall mean any party receiving discovery material.
19908

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

litigated matter in accordance with this Protective Order or by further order of the Court;

c. The Producing Party reserves all objections, including but not limited to the following objections: on grounds that particular documents are CONFIDENTIAL by the attorney-client and/or the attorney work product doctrine; official information privilege; are not likely to lead to the discovery of admissible evidence, and as such are not relevant to the causes of action raised by this lawsuit under Federal Rules of Civil Procedure, Rule 26(a)(1)(A)(B); and all remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence, including the right to recess a deposition to bring a protective order before the Court;

d. The parties reserve all rights and remedies under the Federal Rules of Civil Procedure and the Federal Rules of Evidence pertaining to discovery;

e. CONFIDENTIAL INFORMATION and the information contained therein may not be disclosed, except as set forth in paragraph 2(f) below;

f. CONFIDENTIAL INFORMATION and the information contained therein may only be disclosed to the following persons:

  i. Counsel for the Receiving Party;

  ii. Paralegal, law clerk, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in paragraph 2(f)(i) above;

  iii. The Court, as set forth below;

  iv. Any expert, consultant, or law student retained in the instant case by the Receiving Party, provided that each such person sign a Declaration of Compliance (in the form attached hereto as Exhibit "A") stating that he or she has read and understands the

Stipulation and Protective Order and agrees to be bound by its terms. However, Plaintiff's counsel may not disclose directly to the Plaintiff, either orally or in writing, the names, addresses, and telephone numbers of any information or witnesses identified in the CONFIDENTIAL INFORMATION, but may discuss with the Plaintiff the information obtained from any investigation conducted as a result of disclosed CONFIDENTIAL INFORMATION;

    v. Any individual approved by the Court.

g. CONFIDENTIAL INFORMATION shall not be divulged to any other person or entities, including but not limited to the print, radio, telephone, world wide web or internet, or television media;

h. CONFIDENTIAL INFORMATION shall not be posted on the internet or on any website;

i. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal, pursuant to Local Rule 79-5.1, and with an appropriate application made to United States District Judge John F. Walter, for lodging under seal, in an envelope clearly marked as follows:
**"CONFIDENTIAL AND MATERIAL SUBJECT TO A PROTECTIVE ORDER. CASE NO.: 2-16-cv-00271 JFW (JEMx)."**

j. In the event that any of the CONFIDENTIAL INFORMATION is used in any Court proceeding in this action and is sealed and does not appear as part of the publicly accessible record, it shall not lose its confidential status through such use, and the party using CONFIDENTIAL INFORMATION shall take all reasonable steps to maintain its

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

19908

5
PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION

confidentiality during such use; however, nothing in this provision limits the parties from using such materials filed with the Court and part of the publicly accessible record in any way;

    k. Testimony taken at any deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or proceeding. The party seeking to designate the transcript as CONFIDENTIAL shall make arrangements with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions accordingly.

    l. Nothing in this protective order should be interpreted as stipulating to or requiring the closure of trial proceedings or the sealing of any evidence at trial. To close or seal any trial proceedings, the party seeking closure or sealing must apply to the Court in advance. To better allow such applications, the parties agree to notify each other of their intent to use material designated CONFIDENTIAL at trial, prior to trial for written documents and exhibits, or prior to the use of any prior testimony used for impeachment or admissions;

    3. Jesus Escochea, the Plaintiff in this case, may not under any circumstances retain or view the following documents or be allowed to make or keep any copies of such documents specified below. This provision shall apply to all Plaintiffs in this case regardless of the status of the case and current counsel. These categories of documents are specifically categorized as follows:

    a) Personnel file for Ronald Valdivia, including, but not limited to:

        a. Any and all training documents for Ronald Valdivia, including dates of training, descriptions of training and certificates of completion;

        b. Any and all salary information, including bonus verifications;

19908

6

**PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

      c. Any and all performance evaluations and related reports;

      d. Any and all other personnel records contained within Ronald Valdivia's personnel file.

  b) The Internal Affairs Bureau investigation file pertaining to Ronald Valdivia's involvement with the search warrant dated April 27, 2011 relating to the address located at 17725 Crenshaw Blvd., Suite #304, Torrance, California 90504.

  c) Personnel file for Keith Kauffman, including, but not limited to:

      a. Any and all training documents for Keith Kauffman;

      b. Any and all salary information;

      c. Any and all performance evaluations;

      d. Any and all other personnel records contained within Keith Kauffman's personnel file.

4. Plaintiff, Plaintiff's Counsel, County Defendants, County Defendants' Counsel, City Defendants, and City Defendants' Counsel shall cause the substance of this Protective Order to be communicated and obtain agreement to abide by the Protective Order to each person whom CONFIDENTIAL materials are revealed in accordance with this Order.

5. The Receiving Party may challenge the designation as CONFIDENTIAL INFORMATION of any material so designated by a Producing Party. The Receiving Party must raise a challenge to such designation, in writing, to the Producing Party at any time prior to a judgment in the litigation. The parties must meet and confer in an attempt to resolve any such challenge. Failing informal resolution between parties, the Producing Party may file and serve a Motion for a Protective Order with the Court. The parties agree that if the Motion for Protective Order is filed within 21 days of the written challenge (subject to extension upon agreement of the Parties), the Material will retain its original designation until the Court rules on the Motion for a Protective Order. If the Producing Party does not file

a motion within the 21-day period following a challenge, the material is no longer designated as CONFIDENTIAL INFORMATION for purposes of this Order, but that change in designation does not bar the Producing Party from subsequently filing a motion for a protective order.

6. After completion of the judicial process in this case, including any appeals or other termination of this litigation, all CONFIDENTIAL INFORMATION received under the provisions of this Order and copies thereof shall be destroyed or returned to the attorneys of record for the Producing Party. The provisions of this Order shall be in effect until further order of this Court.

7. That any counsel, expert or consultant retained in the instant case or investigator retained by counsel for any party to this case, shall not disclose the CONFIDENTIAL INFORMATION of the information contained therein in any other court proceeding subject to further order of this Court.

8. All CONFIDENTIAL INFORMATION produced in accordance with this Protective Order shall not be used in any deposition, legal proceeding, or in any other forum than the instant case, nor shall the CONFIDENTIAL INFORMATION be disseminated in any form, except by court order, or until such time as the "CONFIDENTIAL" designation is removed by agreement of counsel for the parties, by operation of Paragraph 5 of this Order, or by further order of this Court.

9. Provisions of this Order insofar as they restrict disclosure and the use of material shall be in effect until further order of this Court.

10. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to the Federal Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective

Collins Collins Muir + Stewart LLP
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

19908

Order, including but not limited to monetary sanctions, judicial sanctions, issue preclusion, and contempt. Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute to the appropriate Court.

IT IS SO ORDERED.

DATED: 10/11/2016          By: _John E. McDermott_
                               HON. JOHN E. MCDERMOTT
                               UNITED STATES DISTRICT COURT

# EXHIBIT "A"
## DECLARATION OF COMPLIANCE WITH AND CONSENT TO BE BOUND BY STIPULATION AND PROTECITVE ORDER

I, declare as follows:

1. I understand that information deemed confidential and private is going to be provided to me pursuant to the terms and restrictions of a Stipulation and Protective Order in the action of *Jesus Escochea v. County of Los Angeles, et al.*, CASE NO. 2:16-cv-00271 JFW (JEMx).

2. I have received and read a copy of the Stipulation and Protective Order dated _____, and I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the information disclosed to me in connection with this action except in accordance with the terms of the Stipulation and Protective Order. I consent to personal jurisdiction over me by a court of competent jurisdiction for purposes of enforcing the Stipulation and Protective Order dated _____.

3. I agree that any disclosure of Confidential Information shall be only such as is necessary to accomplish the fundamental purpose of this litigation and on a need to know basis. I agree to take such security precautions to protect from disclosure and keep confidential the Confidential Information as I normally take with regard to any Confidential Information that I desire to keep secret or confidential. I agree to advise any employee or agent to whom a disclosure is made pursuant to the Stipulation and Protective Order dated _____ that the information is not to be disclosed to third parties except as expressly provided by the Stipulation and Protective Order dated _____.

/ / /
/ / /
/ / /

19908

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone  (626) 243-1100
Fax      (626) 243-1111

10

**PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

4.   Notwithstanding everything above, I agree to continue to be primarily responsible at all times for any unauthorized disclosure.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on _____

Signed Name

_____

Printed Name

**Collins Collins Muir + Stewart LLP**
1100 El Centro Street
So. Pasadena, CA 91030
Phone (626) 243-1100
Fax (626) 243-1111

19908

11

**PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

PROOF OF SERVICE
(CCP §§ 1013(a) and 2015.5; FRCP 5)

State of California,        )
                            ) ss.
County of Orange.           )

      I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 750 The City Drive, Suite 400, Orange, California 92868.

      On this date, I served the foregoing document described as **[PROPOSED] PROTECTIVE ORDER FOR CONFIDENTIAL INFORMARTION** on the interested parties in this action by placing same in a sealed envelope, addressed as follows:

| | |
|---|---|
| Thomas M. Ferlauto, Esq.<br>THE LAW OFFICE OF THOMAS M. FERLAUTO, APC<br>8 Whatney Avenue, Suite 101<br>Irvine, CA 92618<br>(949) 334-8650 – FAX: (949) 334-8691<br>TMF@lawofficeTMF.com<br>**Attorneys for Plaintiff, JESUS ESCOCHEA** | Dana John McCune, Esq.<br>Steven H. Taylor, Esq.<br>McCUNE & HARBER, LLP<br>515 South Figueroa Street, Suite 1100<br>Los Angeles, CA 90071<br>(213) 689-2500 – FAX: (213) 689-2501<br>dmccune@mccuneharber.com<br>staylor@mccuneharber.com<br>**Attorneys for Defendants, CITY OF HAWTHORNE and KEITH KAUFFMAN** |

☐ **(BY MAIL)** - I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail in Orange, California to be served on the parties as indicated on the attached service list. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at: Orange, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY CERTIFIED MAIL)** – I caused such envelope(s) with postage thereon fully prepaid via Certified Mail Return Receipt Requested to be placed in the United States Mail in Orange, California.

☐ **BY EXPRESS MAIL OR ANOTHER METHOD OF DELIVERY PROVIDING FOR OVERNIGHT DELIVERY**

☒ **(BY ELECTRONIC FILING AND/OR SERVICE)** – I served a true copy, with all exhibits, electronically on designated recipients listed on the attached Service List on:   October 10, 2016   (Date) at _____ (Time)

☐ **FEDERAL EXPRESS** - I caused the envelope to be delivered to an authorized courier or driver authorized to receive documents with delivery fees provided for.

☐ **(BY FACSIMILE)** - I caused the above-described document(s) to be transmitted to the offices of the interested parties at the facsimile number(s) indicated on the attached Service List and the activity report(s) generated by facsimile number (714) 823-4101 indicated all pages were transmitted.

☐ **(BY PERSONAL SERVICE)** - I caused such envelope(s) to be delivered by hand to the office(s) of the addressee(s).

Executed on **October 10, 2016** at Orange, California.

☐ **(STATE)** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Maxwell*

VIVIAN MAXWELL
viannotti@ccmslaw.com